IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv909-MEF |
| | ) | WO |
| CHARLES B. MOSS | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Charles B. Moss ("Moss") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## I. PROCEDURAL HISTORY

On July 10, 2002, in accordance with a plea agreement, Moss entered a conditional guilty plea to conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When pleading guilty, Moss reserved the right to appeal the district court's ruling denying his motion to suppress the cocaine base used as evidence against him. On November 22, 2002, the district court entered judgment and sentenced Moss to 97 months' imprisonment.

Moss appealed to the Eleventh Circuit Court of Appeals, challenging the district court's denial of his motion to suppress. On January 29, 2004, by unpublished opinion, the

Eleventh Circuit held that the district court had properly denied Moss's motion to suppress and affirmed Moss's conviction and sentence.  *See United States v. Moss*, 92 Fed.Appx. 780 (unpublished opinion, No. 02-16510), *rehearing and rehearing en banc denied*, 104 Fed.Appx. 154 (11th Cir. Apr. 19, 2004) (Table, No. 02-16510).  Moss petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 28, 2004.  *See Moss v. United States*, 542 U.S. 945 (Jun. 28, 2004, No. 03-10656).

Moss filed this § 2255 motion on September 21, 2004.[1]  In his motion, he asserts the following claims:

1.    Counsel was ineffective for failing to argue that Moss's abandonment of the cocaine base used as evidence against him was not voluntary, but instead was the direct result of police misconduct.

2.    Moss and his counsel had an irreconcilable conflict of interest that resulted in counsel's rendering ineffective assistance.

3.    Counsel rendered ineffective assistance at sentencing by failing to object to the district court's application of a two-level upward adjustment for obstruction of justice.

The government responds that these claims are without merit and entitle Moss to no relief.  Moss was afforded an opportunity to respond to the government's submissions, and has done so.

## II.  DISCUSSION

---

[1]Although Moss's motion was stamped "filed" in this court on September 27, 2004, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, September 21, 2004, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

**A.      Standard of Review for Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id*. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy.  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689.  Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*."

*United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be

4

denied. *Strickland*, 466 U.S. at 687.   Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id.* at 697.  *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

**B.      Ineffective Assistance of Counsel Claims**

>    *1.      Counsel's Failure to Argue That Abandonment of the Drugs*
>    *Was the Direct Result of Police Misconduct*

Moss contends that his counsel was ineffective for failing to argue that Moss's abandonment of the cocaine base used as evidence against him was not voluntary, but instead was the direct result of police misconduct.  *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 3-4.  The government responds that while Moss's counsel did not directly raise the issue whether Moss voluntarily abandoned the cocaine base, counsel did argue, in the district court and on appeal, that any evidence obtained subsequent to Moss's unlawful detention by the police was tainted by illegality and therefore inadmissible.[2]  *See Government's Answer* (Doc. # 6) at 8.  Further, the government notes that the Eleventh

---

[2]Moss asserts that

>    counsel failed to argue beyond the issues of unlawful detentions and unlawful interrogations. Counsel failed entirely to address, present, allege or argue the equally important issue of abandonment of evidence during police misconduct.  Counsel failed to show the "nexus" between the trooper's inappropriate detention and interrogation of the petitioner, and the abandonment of the evidence.  The record was sufficiently clear that counsel could have easily "alleged" that the "police misconduct contributed to or caused his abandoning the packages of cocaine."

*Memorandum in Support of § 2255 Motion* (Doc. # 2) at 3.

5

Circuit, in its opinion holding that the district court properly denied Moss's motion to suppress, found that Moss had voluntarily abandoned the cocaine base and determined that the drugs were not discovered as a result of police misconduct. *Id*. The government argues that the appellate court's conclusions in this regard effectively preclude further review of the issue of Moss's voluntary abandonment of the drugs. *Id*. at 8-9. The government maintains that, as a result, Moss's allegation that his counsel was ineffective on this basis is due to be rejected. *Id*.

In its opinion affirming the district court's decision, the Eleventh Circuit provided the following summary of the facts relevant to the discovery of the cocaine base:

> In April 2002, an Alabama state trooper stopped Moss for following too closely behind another vehicle. When Moss handed the trooper his driver's license and insurance card, the trooper noticed that Moss was "visibly shaking" and that the passenger in Moss's car was "breathing very heavy." The trooper requested that Moss exit his vehicle and sit in the front passenger seat of the patrol car. The two remained sitting while the trooper conducted a license check, which revealed that Moss had no outstanding warrants and that his license was valid. The trooper then issued Moss a warning citation for following too closely.
>
> While in the process of issuing the citation, the trooper observed that Moss appeared very nervous. This made the trooper "uneasy" and prompted him to request backup from the local police department. After Moss signed the warning citation, the trooper asked him if he had any firearms, currency, or drugs in the vehicle, to which Moss replied "no." The trooper then asked Moss why he was so nervous, to which Moss explained that he had just taken an over-the-counter "yellow jacket" pill to help him stay awake. The trooper then asked for consent to search Moss's vehicle, to which Moss agreed.
>
> Upon arrival of the backup officer, the trooper exited the patrol car. Shortly thereafter, Moss began to exit the car. After being told to get back in the vehicle, Moss ran toward his vehicle, and threw the keys to the patrol car

across the interstate.  As Moss got into his car, the trooper ran to the passenger side, leaned in, and attempted to prevent Moss from starting the car.  While the trooper struggled with Moss, the backup officer fired five shots into the vehicle's rear driver's side tire.  The trooper then removed himself from the vehicle, and fired five rounds "into" the car, "to disable it."

Using his spare key to start the patrol car, the trooper pursued Moss, and observed two packages being thrown from the passenger side of Moss's car.  After the trooper apprehended Moss and his passenger, the trooper recovered the packages.  A field test of the substances indicated that it was cocaine base.

*United States v. Moss*, 92 Fed.Appx. 780 (unpublished opinion, No. 02-16510) at *2-3.

Based on these facts, the Eleventh Circuit concluded that the continued detention of Moss after the traffic stop had ended with the issuance of the warning citation was unlawful. *Id*. at *5-6.  Moreover, the Court reasoned that if Moss's consent to the search of his vehicle was the product of an unlawful detention, "the consent was tainted by the illegality and was ineffective to justify the search."  *Id*. at *6 (quoting *Florida v. Royer*, 460 U.S. 491, 507-08 (1983) (plurality opinion)).  However, the Court went on to state the following with regard to the events that followed the unlawful detention:

Here, however, even if the trooper behaved illegally prior to gaining consent to search Moss's vehicle, no search of the car ever took place.  After throwing the keys to the police car across the street, running to his car, struggling with the officer, and attempting to drive off – even as officers were attempting to disable his vehicle while shooting it – Moss essentially prevented any search from taking place.

More importantly, we have noted that voluntary abandonment of evidence can remove the taint of an illegal stop or arrest.  *See United States v. Pirolli*, 673 F.2d 1200, 1204 (11th Cir. 1982) (quoting *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973) (en banc)).  In order for such taint to be removed, the abandonment must be truly voluntary not merely the result of

7

police misconduct.  *See United States v. Beck*, 602 F.2d 726, 729-30 (5th Cir. 1979).  While Moss properly alleges that his interrogation and detention were suspect, he does not allege that any police misconduct contributed to or caused his abandoning the packages of cocaine.  We do not see a nexus between the trooper's inappropriate detention and interrogation of Moss, and Moss's discarding the cocaine.

> As the former Fifth Circuit has noted,
>
> [t]he issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*Colbert*, 474 F.2d at 176.  *See also United States v. Tinoco*, 304 F.3d 1088, 1117 (11th Cir. 2002) (finding that defendants had no Fourth Amendment standing to challenge seizure of cocaine that had been jettisoned from a vessel. Here, when the cocaine was thrown from the vehicle, it was placed in plain view of the officers.  Under such circumstances, Moss could not have possessed a reasonable expectation of privacy.  *See Colbert*, 474 F.2d at 177. *See also Pirolli*, 673 F.2d 1200, 1204 (11th Cir. 1982) (finding that "abandon[ing] the articles in an effort to evade being caught with them does not amount to [a defendant's] abandonment being the product of police misconduct").  As such, no illegal search of Moss's property took place, and the district court properly denied Moss's motion to suppress the seized cocaine.

*United States v. Moss*, 92 Fed.Appx. 780 (unpublished opinion, No. 02-16510) at *7-8 (footnote omitted).

It is clear from the language quoted above that the Eleventh Circuit addressed the issue of Moss's abandonment of the cocaine and found that the abandonment was truly voluntary and that, consequently, the drugs were not discovered as a result of police misconduct.  Therefore, this court finds that the appellate court has already considered – and

rejected – the substantive claim underlying Moss's allegation of ineffective assistance of counsel. Consequently, even if, as Moss alleges, his counsel failed to raise this issue in the district court and on appeal, Moss fails to establish that counsel's performance in this regard constituted ineffective assistance. *See Strickland v. Washington*, *supra*, 466 U.S. at 687-89.

Moss argues that actions by the police officers subsequent to his detention and interrogation constituted police misconduct that rendered his abandonment of the drugs involuntary. As instances of misconduct, Moss points to the officer's reaching into the passenger side of his car and struggling with him in an attempt to prevent him from starting the vehicle and the actions of the officers in shooting at his vehicle in an attempt to disable it.[3] *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 3-4. However, by the time these events occurred, the traffic stop clearly had been concluded by the actions of Moss, and the officers were properly in pursuit, having sufficient reasonable suspicion – after Moss ran, threw the trooper's keys away, and began to drive off in his car – to believe that a crime was being committed. Nor was there any seizure of Moss at the time the packages of cocaine were thrown from his vehicle, as Moss was not yielding to the officers' assertion of authority, but rather was fleeing in his car. *See Menuel v. City of Atlanta*, 25 F.3d 990, 995, (11th Cir. 1994) (no seizure where subject does not yield and submit to the assertion of authority) (citing *California v. Hodari D.*, 499 U.S. 621, 624-26 (1991)). Under these

---

[3]This court believes that the Eleventh Circuit's holding in Moss's appeal was sufficiently inclusive to nullify this specific argument by Moss. Nevertheless, this court will consider Moss's argument here.

circumstances, the court concludes that the evidence in question derived from a lawful source – that is, Moss's voluntary abandonment of the packages – that was independent of any alleged police misconduct.

Because Moss fails to show that his abandonment of the drugs was the direct result of police misconduct, he likewise fails to show that his counsel rendered ineffective assistance by failing to raise such a claim. *Strickland*, 466 U.S. at 687-89.  Accordingly, he is not entitled to any relief based on this claim.

### 2. *Conflict of Interest*

Moss contends that he and his counsel had an irreconcilable conflict of interest that resulted in counsel's rendering ineffective assistance. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 5-6.

Moss was represented by retained counsel, James M. Byrd, during all proceedings in the district court and on direct appeal to the Eleventh Circuit.  At some point during Moss's appeal, he and his family became dissatisfied with Byrd's representation and refused to pay the full amount requested by Byrd for services rendered. *See Memorandum in Support of § 2255 Motion* (Doc. # 2), Attachments D-F.  Byrd then moved to withdraw from the case, but was ordered by the Eleventh Circuit to continue representing Moss on appeal without additional compensation. *See Government's Answer* (Doc. # 6), Attachment D.  While Moss's appeal was pending, his mother filed a complaint against Byrd with the Alabama State Bar and sought to recover monies that had previously been paid to Byrd. *See*

10

*Memorandum in Support of § 2255 Motion* (Doc. # 2), Attachment E.

Moss argues that his dispute with Byrd over the payment of fees, Byrd's unsuccessful motion to withdraw his representation, and the complaint against Byrd filed by his mother created a conflict of interest that deprived him of his Sixth Amendment right to conflict-free counsel.[4]  *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 5-6.

In order to prevail on an ineffective assistance of counsel claim based on an alleged conflict of interest, a defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987).

> An "actual conflict" of interest occurs when a lawyer has "inconsistent interests." *Smith* [*v. White*], 815 F.2d [1401] at 1405 [(11th Cir. 1987)].  In order to prove that an "actual conflict" hindered petitioner's lawyer's performance, petitioner "must make a factual showing of inconsistent interests" or point to "specific instances in the record" to suggest an actual impairment of his or her interests.  *Smith*, 815 F.2d at 1404.

*Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999) (citation omitted).

In this case, the mere facts of the fee dispute between Moss and Byrd, Byrd's request to withdraw as Moss's counsel, and the bar complaint filed by Moss's mother, without more, are insufficient to constitute a conflict of interest.  At most, these facts indicate a hypothetical conflict of interest.  "A speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation." *Burden v. Zant*, 24 F.3d 1298, 1305 (11th Cir. 1994).  Moss

---

[4]Moss maintains that Byrd was "disgruntled" by these matters. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 5.

has failed to demonstrate an actual divergence in interests with Byrd. "[N]ot every disagreement with defense counsel amounts to a conflict of interest. *See* [*United States v.*] *White*, 174 F.3d [290] at 296 [(2nd Cir. 1999)]. '[I]t is to be expected that counsel will often be placed in the difficult position of having to comment on an asserted disagreement with her client, if only to inform the court as to whether she believes that she can continue the representation.' *Id.*" *United States v. Davis*, 239 F.3d 283, 286 (2nd Cir. 2001). *See, .e.g., United States v. O'Neil*, 118 F.3d 65, 71-72 (2nd Cir. 1997) (no conflict of interest arising from defendant's failure to pay fees, from attorney's motion to withdraw, or from attorney's civil suit against client for failure to pay fees). Moss is not entitled to relief based on a merely hypothetical conflict of interest.[5]

Moreover, even assuming *arguendo* that an actual conflict of interest existed between Moss and Byrd, Moss fails to show that Byrd's performance was adversely affected by the conflict. The only specific, purportedly prejudicial action of Byrd's pointed to by Moss as support for his conflict-of-interest claim is Byrd's alleged failure to properly argue that Moss

---

[5]Moss cites *Walberg v. Israel*, 766 F.2d 1071 (7th Cir. 1985), as support for his contention that a fee dispute between a criminal defendant and his attorney may constitute a conflict of interest warranting reversal of a conviction. *See Reply to Government's Answer* (Doc. # 12) at 4-5. *Walberg*, however, is inapposite to Moss's conflict-of-interest claim. In *Walberg*, the Seventh Circuit held that the defendant, a habeas corpus petitioner, had been deprived of his constitutional right to assistance of counsel where the state trial judge had appointed defense counsel to represent the defendant, and then, through his conduct at pretrial proceedings, implicitly indicated that counsel's future appointments would be jeopardized if he pressed too hard during trial, thereby reducing the likelihood that the defendant received a vigorous defense. *See* 766 F.2d at 1074-76. The Seventh Circuit indicated that the defendant might alternatively be entitled to a new trial based on judicial bias by the state trial judge. *Id.* at 1076-77. *Walberg* does not provide Moss support for his conflict-of-interest claim.

did not voluntarily abandon the drugs used as evidence against him, but instead abandoned the drugs due to misconduct by the police. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 5. However, as indicated in Part II.B.2 of this Recommendation, above, Moss's own failure to show that his abandonment of the drugs was the direct result of police misconduct precludes any finding that Byrd's performance with regard to this claim was constitutionally deficient. Further, the record reflects that, despite the fee dispute with Moss, Byrd acted conscientiously on Moss's behalf at all stages of the proceedings, including the appeal process. After the Eleventh Circuit ordered Byrd to continue representing Moss on appeal without additional compensation, Byrd submitted an appellate brief in which he successfully argued that the detention of Moss after the traffic stop had ended with the issuance of the warning citation was unlawful.[6] *See Memorandum in Support of § 2255 Motion* (Doc. # 2), Attachment A: "Initial Brief of Appellant"; *United States v. Moss*, 92 Fed.Appx. 780 (unpublished opinion, No. 02-16510) at *5-6. As the government observes, Moss would have been able to suppress the drug evidence against him but for the Court's finding that Moss's subsequent actions and voluntary abandonment of the drugs led to their lawful seizure. *See Government's Answer* (Doc. # 6) at 9-10 (citing *United States v. Moss* at *7-8).

Under the circumstances set out above, this court finds that Moss has failed to show any adverse effect from the alleged conflict of interest entitling him to relief. Accordingly,

---

[6]Byrd also submitted an optional reply brief on Moss's behalf. *See Memorandum in Support of § 2255 Motion* (Doc. # 2), Attachment B: "Appellant's Reply Brief."

the court rejects this claim.

###    3.    *Counsel's Failure to Object to Two-level Upward Adjustment at Sentencing*

Moss asserts that his counsel rendered ineffective assistance at sentencing by failing to object to the district court's application of a two-level upward adjustment for obstruction of justice.  *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 6.

At Moss's sentencing, the district court applied a two-level upward adjustment to Moss's base offense level under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.[7]  *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 4-7.  This sentencing adjustment is set forth in Chapter Three of the Guidelines, Part C, which has the general heading "Obstruction."  In alleging that his counsel failed to object to the sentencing adjustment for "obstruction of justice," Moss appears not to recognize that the adjustment for recklessly creating a substantial risk of death or injury to others in the course of fleeing from a law enforcement officer, as set out in U.S.S.G. § 3C1.2, falls under the category of "Obstruction" in Chapter Three, Part C of the Guidelines.[8]  The

_____

[7]The district court's application of this upward adjustment was based on evidence indicating that after police officers shot out the tires of Moss's car, Moss continued to drive the vehicle on the interstate at a very high rate of speed, weaving back and forth across lanes and spinning in a full circle.  *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 4-6.

[8]This adjustment is listed in Moss's PSI under the paragraph heading "Adjustment for Obstruction of Justice." *See PSI*, para. 15, at 5.  It is clear that the PSI recommends application of this upward adjustment pursuant to U.S.S.G. § 3C1.2, based on the evidence indicating that Moss recklessly created a substantial risk of death or injury to others when fleeing from police officers in

two-level adjustment provided for under U.S.S.G. § 3C1.2 was the one and only upward adjustment applied to Moss's sentence.

It is abundantly clear from the record that Moss's counsel did in fact object to the district court's application of this upward adjustment at Moss's sentencing.  In fact, at the sentencing hearing, counsel objected strenuously to the adjustment, and argued at length against its application.  *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 2-6.  At the conclusion of the sentencing hearing, moreover, counsel renewed his objection to application of this adjustment in Moss's case.  *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 12.  This court thus finds no basis in fact for the alleged omission that Moss attributes to his counsel.

In view of the above, Moss fails to establish that his counsel's performance was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance of counsel.  *See Strickland v. Washington*, *supra*, 466 U.S. at 687-89.  Therefore, he is entitled to no relief based on this claim.


### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Moss be denied, as the claims therein entitle him to no relief.

It is further

---

his car.  It is likewise clear from the record that this was the basis upon which the district court applied the upward adjustment.

ORDERED that the parties shall file any objections to this Recommendation on or before March 6, 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 21st day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE