IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04cv909-MEF |
| | ) | (WO) |
| CHARLES B. MOSS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Charles Moss' motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). (Doc. No. 33.) By his motion, Moss seeks relief from this court's prior judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons discussed below, the court concludes that Moss is not entitled to any relief.

## I.   DISCUSSION

Moss contends that, in denying his § 2255 motion, this court committed "excusable neglect" by construing Ground Three of his motion, in which he asserted that his counsel was ineffective for failing to "preserve objections to an unconstitutional enhancement," as alleging only counsel's ineffective assistance at trial (specifically, at sentencing) when, he says, his actual claim also alleged that counsel was ineffective for failing to pursue the enhancement issue on direct appeal. (Doc. No. 33.)

Ground Three of Moss's § 2255 motion alleged in its entirety as follows:

---

[1]   *See Mar. 31, 2006, Final Judgment* - Doc. No. 26; *Order* - Doc. No. 25 (adopting *Feb. 21, 2006, Recommendation of Magistrate Judge* - Doc. No. 22).

Here counsel (Byrd)[2] failed to preserve objections to an unconstitutional enhancement. The enhancement charge of obstruction of justice took Moss's sentence up two levels had counsel preserved this argument the petitioner could have attacked this unconstitutional enhancement. Alleging this charge came during an unlawful detention. Moss adopts the factual finding of the 11th Circuit Judges, Birch, Dubina and Wilson *per curiam* on 1-29-04 cite #02-16510-C that Moss was being unlawfully detained and interrogated after the issuance of the warning citation. But for the ineffectiveness of counsel there is reasonable probability that the unconstitutional two-point enhancement could have been overturned. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hardwick v. Crosby*, 320 F.3d 1127 (11th Cir. 2003).

(*See Memorandum in Support of § 2255 Motion* - Doc. No. 2 at p. 6.)

Addressing this claim in its answer to Moss's § 2255 motion, the government

contended as follows:

Moss argues that his counsel did not preserve an objection to the enhancement of his sentence for reckless endangerment of others pursuant to U.S.S.G. § 3C1.2. The United States' first response to this assertion is that the record clearly shows that Byrd did preserve this objection at the close of the November 12, 2002 sentencing hearing.

In addition to his mischaracterization of the facts relevant to this claim, Moss does not explain how the enhancement is unconstitutional, as applied to any case, or to his specific case. He simply asserts, without any legal argument or reasoning that, but for Byrd's ineffectiveness, there was a reasonable probability that the enhancement would have been overturned. The factual inaccuracies and failure to set forth any legal argument render this issue wholly without merit.

Accordingly, the ineffectiveness claims against Moss's counsel are without merit and should be dismissed.

(*See Government's Answer* - Doc. No. 6 at pp. 11-12.)

---

[2]   Attorney James M. Byrd represented Moss during the guilty plea proceedings and sentencing and on appeal.

In his reply to the government's response, Moss stated the following:

> The government makes the final argument that counsel did raise an objection to Moss's enhancement for obstruction of justice. However, the only objection made by Moss's counsel was for the enhancement that Moss received for substantial risk for serious injury.
>
> The record clearly reflects that no such objection was made at sentencing. And even if such was made, it was not preserved at appeal for plain error review even if he had made such objection in a timely fashion.
>
> In light of the Supreme Court's recent hearings in *United States v. Booker*, 04-1-4, WL 171364 (Oral Arguments heard Oct. 4, 2004); and *United States v. Fanfan*, 04-105, WL 1713655 (Oral Arguments heard Oct. 4, 2004). In light of such, counsel was ineffective to preserve such arguments at that time for such obvious violations.

(*See Reply to Government's Answer* - Doc. No. 12 at p. 6.)

The Magistrate Judge's Recommendation addressed the issue presented by Moss in

Ground Three of his § 2255 motion as follows:

> Moss asserts that his counsel rendered ineffective assistance at sentencing by failing to object to the district court's application of a two-level upward adjustment for obstruction of justice. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 6.
>
> At Moss's sentencing, the district court applied a two-level upward adjustment to Moss's base offense level under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.[3] *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 4-7. This sentencing

---

[3]    The district court's application of this upward adjustment was based on evidence indicating that after police officers shot out the tires of Moss's car, Moss continued to drive the vehicle on the interstate at a very high rate of speed, weaving back and forth across lanes and spinning in a full circle. *See Government's Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 4-6.

adjustment is set forth in Chapter Three of the Guidelines, Part C, which has
the general heading "Obstruction."  In alleging that his counsel failed to object
to the sentencing adjustment for "obstruction of justice," Moss appears not to
recognize that the adjustment for recklessly creating a substantial risk of death
or injury to others in the course of fleeing from a law enforcement officer, as
set out in U.S.S.G. § 3C1.2, falls under the category of "Obstruction" in
Chapter Three, Part C of the Guidelines.[4]  The two-level adjustment provided
for under U.S.S.G. § 3C1.2 was the one and only upward adjustment applied
to Moss's sentence.

It is abundantly clear from the record that Moss's counsel did in fact
object to the district court's application of this upward adjustment at Moss's
sentencing.  In fact, at the sentencing hearing, counsel objected strenuously to
the adjustment, and argued at length against its application.  *See Government's
Answer* (Doc. # 6), Attachment C: Sentencing Hearing at 2-6.  At the
conclusion of the sentencing hearing, moreover, counsel renewed his objection
to application of this adjustment in Moss's case.  *See Government's Answer*
(Doc. # 6), Attachment C: Sentencing Hearing at 12.  This court thus finds no
basis in fact for the alleged omission that Moss attributes to his counsel.

In view of the above, Moss fails to establish that his counsel's
performance was deficient or that he suffered resulting prejudice with respect
to this allegation of ineffective assistance of counsel.  *See Strickland v.
Washington*, *supra*, 466 U.S. at 687-89.  Therefore, he is entitled to no relief
based on this claim

(*See Recommendation of Magistrate Judge* - Doc. 22 at pp. 14-15; footnotes in original.)

The court notes that in the objections Moss filed to the Recommendation of the

Magistrate Judge, Moss neither mentioned nor objected to the court's determination with

regard to his claim in Ground Three of his § 2255 motion, although he did raise objections

---

[4]    This adjustment is listed in Moss's PSI under the paragraph heading "Adjustment for
Obstruction of Justice."  *See PSI*, para. 15, at 5.  It is clear that the PSI recommends application of
this upward adjustment pursuant to U.S.S.G. § 3C1.2, based on the evidence indicating that Moss
recklessly created a substantial risk of death or injury to others when fleeing from police officers in
his car.  It is likewise clear from the record that this was the basis upon which the district court
applied the upward adjustment.

with regard to the court's determinations as to the remaining claims in his motion.[5]  (*See Objections* - Doc. No. 23.)

Moss cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), as authority for accepting his designation of the instant motion as one pursuant to Rule 60(b).  (Doc. No. 33 at pp. 2-3 & 7.)  In *Gonzalez*, the Supreme Court held that where a motion designated by the movant as a Rule 60(b) motion either (1) challenges a federal court's previous ruling as to a habeas claim that "precluded a merits determination [of that claim] ... – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a proper Rule 60(b) motion, and the district court need not obtain the certification from the Court of Appeals that is ordinarily required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 & 532 n.4; *see* 28 U.S.C. § 2244.[6]

---

[5]  In Ground One of his § 2255 motion, Moss argued that his counsel was ineffective for failing to argue that Moss's abandonment of the cocaine base used as evidence against him was not voluntary, but instead was the direct result of police misconduct.  In Ground Two of his motion, he argued that his counsel had an irreconcilable conflict of interest that resulted in counsel's rendering ineffective assistance.  Moss appealed this court's denial of his § 2255 motion to the Eleventh Circuit, which denied Moss's motion for a certificate of appealability, finding he had failed to make a substantial showing of the denial of a constitutional right. (*See* Doc. Nos. 31 & 32.)

[6]  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

Nevertheless, the Supreme Court in *Gonzalez* drew a sharp distinction between motions pointing to an erroneous ruling by the habeas court that precluded a merits determination or asserting some defect in the integrity of the federal habeas proceedings and motions seeking to vacate habeas judgments in order to relitigate or add claims that attack the legality of a petitioner's conviction and sentence. *See id*. at 531-32. Only the former are properly pursued through Rule 60(b); the latter are not.[7] The Court held that a nominal Rule 60(b) motion that "seeks vindication of" or "advances" one or more "claims" should be treated as a successive habeas petition. *Id*. at 531-32. The Court explained, "[a] motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits," *id*. at 532, or present a new claim for relief from a judgment of conviction, *id*. at 531.

Moss maintains that his Rule 60(b) motion should *not* be treated as a successive § 2255 motion because it challenges only this court's alleged failure to address one of the claims in his § 2255 motion fully and does not seek to relitigate or add claims. Thus, Moss suggests there was a defect in the federal habeas proceedings, not in this court's resolution of the merits of a claim, but in its failure to make any ruling on a claim that Moss says was

---

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

[7]     The Supreme Court in *Gonzalez* specifically addressed habeas proceedings challenging state-court convictions under 28 U.S.C. § 2254. However, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. See *El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

presented in his § 2255 motion.

Leaving aside for a moment the question whether Moss's Rule 60(b) motion presents a "true" Rule 60(b) claim, this court finds that under no fair reading of Ground Three of Moss's § 2255 motion can Moss be deemed to have alleged that his counsel rendered ineffective assistance *on appeal* by failing to argue to the Eleventh Circuit that the district court erred in enhancing Moss's sentence under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.  Upon further review of the pleadings, this court is convinced that Ground Three of the § 2255 motion can only be construed as a claim that counsel rendered ineffective assistance *at sentencing* by failing to challenge the sentence enhancement for obstruction of justice.  This court is further convinced that, in asserting this claim in his § 2255 motion, Moss failed to understand that the sentence enhancement for recklessly creating a substantial risk of death or injury to others in the course of fleeing from a law enforcement officer, as set out in U.S.S.G. § 3C1.2, comes under the category of obstruction of justice in the Sentencing Guidelines and that his counsel did in fact challenge at sentencing the very enhancement that Moss, in his motion, argued that counsel had not challenged.  The fact that Moss did not object to the Magistrate Judge's determination with regard to Ground Three of his motion, although he presented objections to the Recommendation's resolution of all other claims in his § 2255 motion, further supports the conclusion that Moss is now seeking to assert a new claim through his Rule 60(b) motion.

Because Moss's ineffective assistance of appellate counsel claim constitutes a new claim, his assertion of that claim in his Rule 60(b) motion, in the guise of an attack on this court's ruling on his § 2255 motion, is in reality a second attempt to obtain relief from a judgment of conviction.  Accordingly, regardless of Moss's own labeling of the instant motion, this court concludes that his motion has the same legal effect as, and should be construed as, a successive § 2255 motion.

The pleadings and documents in this case reflect that Moss has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  Therefore, this court lacks the jurisdiction to consider Moss's present motion, and the motion is due to be summarily dismissed.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Moss on March 2, 2007 (Doc. No. 33) be denied and this case dismissed, as Moss has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive 28 U.S.C. § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 11, 2008.**   A party must specifically identify the findings in the

8

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 29th day of July, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

9